77 F.3d 468
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlton COGAR, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-1731.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1995.
Decided Feb. 7, 1996.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-0386-BLA).
 Jack Alsop, Webster Springs, West Virginia, for Petitioner. William S. Mattingly, Jackson & Kelly, Morgantown, West Virginia, for Respondent.
 Ben.Rev.Bd.
 VACATED.
 Before HALL and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carlton Cogar petitions for review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp.1995). Because we conclude that the ALJ and the Board improperly evaluated the X-ray evidence, we vacate the denial of benefits and remand for reconsideration consistent with this opinion.
 
 
 2
 Cogar sought to prove that he suffered from pneumoconiosis with X-ray evidence and medical opinion testimony. Of the thirteen X-rays introduced in evidence, the ALJ relied on the two most recent to conclude that Cogar had not established the existence of pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1) (1994), stating that "the most recent X-ray evidence is more probative than older X-ray evidence." Some of the earlier X-rays had been interpreted as positive for pneumoconiosis by B-readers and Board-certified radiologists. Although the Board interpreted the ALJ's ruling as a reliance on the preponderance of negative interpretations by more qualified readers, the ALJ's plain language shows that he used a "later evidence is better" standard. We rejected this approach in a decision issued after the ALJ's ruling. Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49, 51-52 (4th Cir.1992). Therefore, we must remand this claim for the ALJ to consider all the X-ray evidence and not just the most recent in assessing whether Cogar has proved that he suffers from pneumoconiosis.
 
 
 3
 The ALJ also rejected Cogar's medical opinion evidence, 20 C.F.R. § 718.202(a)(4) (1994). Because this claim must be reconsidered by the ALJ, and because, given the passage of time since the initial decision, the parties may wish to submit additional medical reports on remand, we decline to render an advisory opinion concerning whether substantial evidence in the existing record supports this finding.
 
 
 4
 The denial of benefits is vacated, and the claim is remanded to the Board with instructions to further remand to the ALJ for reconsideration.* The parties should be permitted to supplement the record if they be so inclined. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Should the ALJ find on remand that pneumoconiosis is established by the X-ray evidence, we note that his conclusory statement that Cogar has not established total disability is not a sufficiently reasoned examination of that issue. Cook v. Director, Office of Workers' Compensation Programs, 901 F.2d 33, 36 (4th Cir.1990)